UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

**DEBORAH LAUFER, Individually,**
**Plaintiff,**
   V.

**U.L.S.T., LLC d/b/a WATERFRONT HOTEL**
**& MARINA, an Illinois Limited Liability**
**Company,**
**Defendant.**

Case No. 1:20-cv-03527
Honorable Gary Feinerman
Magistrate Judge Sheila M. Finnegan

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS**
**F.R.C.P 12 (1) & (6) TO DISMISS**

**I. INTRODUCTION**

Defendant U.L.S.T., LLC d/b/a Waterfront Hotel and Marina ("Waterfront Hotel"), by its undersigned attorneys, submits this memorandum in support of its F.R.C.P. 12 (1) and (6) Motion to Dismiss the Complaint of Plaintiff Deborah Laufer ("Ms. Laufer").

In her complaint, Ms. Laufer alleges that she resides in Florida, where she logged on to the Waterfront Hotel's third-party websites. The hotel itself is in Johnsburg, Illinois. She further alleges that she could not find sufficient information on the websites to assess whether the hotel's physical facilities could accommodate her disabilities. Absent in this complaint, however, are any allegations that she ever intended to visit Illinois or to possibly stay at the hotel. Nor are there any allegations that she ever intends to visit Illinois in the future. Thus, as demonstrated below, she lacks standing to bring this matter. Specifically, she has not suffered any concrete and personalized injuries sufficient to confer jurisdiction in Illinois. Furthermore, the complaint fails to state a claim. She has not alleged, nor can she, that she was ever denied actual access to the hotel for any reason, let alone, because of her disabilities.

1

## II. BACKGROUND

As this is a motion to dismiss, the allegations of the complaint are assumed to be true. Nevertheless, facts that are not pled can be as equally compelling. As pointed out below, those unpled facts require the dismissal of this case for both grounds asserted in this motion.

Pared down to the complaint's bare essentials, here are the facts that are pled. Ms. Laufer lives in Pasco County, Florida and is disabled as defined under the American with Disabilities Act ("ADA"). Compl., par. 1. She has trouble walking and must use either a cane or a wheelchair to do so. Id. She also has limited use of her hands and is vision impaired. Id,

Waterfront Hotel is what the name indicates, a hotel with a marina in Johnsburg, Illinois.[1] Id at par. 3. Waterfront Hotel's facilities, according to Ms. Laufer, are required to be ADA compliant, but that is not the specific issue here. Instead, the issue here is the third-party websites that Waterfront Hotel uses, expedia.com, Booking.com and Orbitz.com, to advertise the hotel and to place reservations. Id. at par. 10. Ms. Laufer claims that she has visited these websites sights before she brought this matter and intends to revisit them at some point. These websites allegedly have insufficient ADA information for Ms. Laufer to determine if the hotel is a place that accommodate her disabilities. Id.

Yet, Ms. Laufer has not pled the following. She has not stated that she had any intentions whatsoever to possibly stay at the Waterfront Hotel or visit Johnsburg either before or at the time she accessed the third-party websites. Equally compelling is that she has not alleged that she ever intends to visit Johnsburg or may stay at the hotel in the future. Thus, this matter is not about a hotel and whether it can accommodate a person with disabilities. Rather, it is about an individual

---

[1] Johnsburg is in McHenry County, Illinois and is about sixty miles outside of Chicago.

with disabilities that appears never to have any desire then, now, or in the future, to come to Johnsburg and possibly stay at the Waterfront Hotel.

### III. ARGUMENT

**A. Ms. Laufer lacks standing.**

Any person who sues in the federal courts must have standing. See e.g., *Carello v. Aurora Policemen Credit Union*, 930 F. 3d 830 (7th Cir. 2019). "To establish standing, a 'plaintiff must allege an injury in fact that is traceable to the defendant's conduct and redressable by a favorable judicial decision.' [citations omitted]." Id at 833. The Seventh Circuit has explained that the injury to confer standing must be "both concrete and particularized." Id. Also, because Ms. Laufer is seeking injunctive relief, she must demonstrate that she faces a "real and immediate threat of future injury." Id.

Here, Ms. Laufer claims that the Waterfront Hotel's use of third-party websites that are non-ADA compliant infringes upon her right to travel free of discrimination and deprives her of information she allegedly needs to make meaningful choices to travel. Compl., par. 13. She also claims that the non-compliant websites have caused her humiliation and frustration. Id. But she has not alleged that she ever intended to visit Johnsburg or possibly stay at the Waterfront Hotel, either then or now. Nor does she allege that she ever intends to visit Illinois in the future.[2] Thus, has she suffered the type of injury necessary to confer standing? Several federal court cases have ruled that she has not. *Hernandez v. Caesars License Co., LLC,* 2019 U.S. Dist. LEXIS 172456 ( N.J. Dist. 2019); *Strojnik v. Kapalua Land Co*, 2019 U.S. Dist LEXIS 165525 (Hawaii 2019). See also *Harty v. Greenwich Hospitality Group, LLC*, 2013 U.S. App. LEXIS 22136 (2nd Cir. 2013) (Where the Second Circuit stated that the plaintiff lacked standing because he never

---

[2] Ms. Laufer has admitted in her complaint that she is a tester. She has filed twenty-nine similar suits in New York and has eight pending in this district. Nationally, she has filed 235 similar cases.

3

intended to return to the city where the hotel was located.); *Laufer v. Laxmi & Sons*, 2020 U.S. Dist. LEXIS 79545 (N. D. N.Y. 2020) (Where the district court on its own raised the issue of standing).[3] While some jurisdictions have stated she has standing, *Carello* compels the opposite conclusion.

     Ms. Laufer's alleged injuries have been characterized by courts as an informational harm from a lack of access to information. Courts have also labelled her injuries as harm to her dignity as a disabled person. *Carello* at 833-34. However, as noted by the Seventh Circuit in *Carello,* not all harm to dignity confers standing. "[D]ignitary harm stemming for the mere knowledge that discriminatory conduct is occurring is an 'abstract stigmatic injury' that the plaintiff lacks standing to vindicate." *Carello* at 834. As in *Carello,* where the plaintiff was only harmed in an abstract stigmatic manner way because she could never become a member of the credit union, here, Ms. Laufer also has suffered only abstract, stigmatic harm --and not a concrete, particularized harm-- because she never intended to stay at the Waterfront Hotel when she accessed the websites. Nor does she ever intend to possibly stay at the hotel in the future. Consequently, as further explained in *Carello*, in the absence of any personal, concrete impact on Ms. Laufer, she has no standing. Id. See also *Hernandez,* 2019 U.S. Dist. LEXIS, p. 4 (Where the district court held the plaintiff lacked standing because her alleged harm was not personal to her since she had no intention of ever staying at the hotel.)

     Likewise, on the issue of informational harm, Ms. Laufer has the same problem. She has only suffered a generalized harm, and not a concrete, particularized harm, because she never intended to stay at the hotel.

---

2. See e.g., *Panarese v. Sell It Soc., LLC,* 2020 U.S. Dist. LEXIS 119002 (E. Dist. N.Y.)

Finally, her claim for injunctive relief is equally defective on the issue of standing. She has no immediate, real threat of future harm because she does not intend to ever stay at the hotel in any event.

Accordingly, for all the above reasons, she lacks standing to bring this claim.

**B. Ms. Laufer has failed to state a claim.**

The ADA prohibits discrimination based on disability in places of public accommodation. See *Cohan v. Bensenville Hospitality Inc.,* 2016 U.S. Dist. LEXIS 62207 (N. Dist. Ill). Said differently, the ADA requires the hotel to accommodate Ms. Laufer's disabilities if she desires to stay there. But she never intends to stay at the hotel, according to her complaint. Moreover, Ms. Laufer never alleges that the hotel itself is non-ADA compliant. Absent her intentions of ever wanting to stay at the hotel, Ms. Laufer cannot claim that she has ever been denied actual access to the hotel because of her disabilities. Thus, she has not suffered any ADA discrimination by the hotel and, therefore, she has failed to state a claim under the ADA. *Strojnik v. Kapalua Land Co*, 2019 U.S. Dist LEXIS 165525 (Hawaii 2019).

**DEFENDANT U.L.S.T., LLC d/b/a WATERFRONT HOTEL AND MARINA**,
By: /s/ Lawrence Rosen
(One of its Attorneys)

Andrew Levine #6211154
Lawrence Rosen #6182199
O'Rourke and Moody
55 W. Wacker Dr., Ste 1400
Chicago, IL 60601
312-849-2020
alevine@orourkellp.com
lrosen@orourkellp.com

## CERTIFICATE OF SERVICE

       The undersigned certifies under applicable law that the memorandum of law in support of the motion to dismiss, the motion to dismiss and the notice of motion were served on plaintiff's attorney through the court's electronic-filing system under F.R.C.P. 5 (b) (1) & (2) (E) and by emailing copies to kimberlyatlaw@gmail.com and robert_lewin@hotmail.com on July 30, 2020.

       /s/ Lawrence Rosen