UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

**DEBORAH LAUFER, Individually,**
**Plaintiff,**
   V.

**U.L.S.T., LLC d/b/a WATERFRONT HOTEL**
**& MARINA, an Illinois Limited Liability**
**Company,**
**Defendant.**

Case No. 1:20-cv-03527
Honorable Gary Feinerman
Magistrate Judge Sheila M. Finnegan

## DEFENDANT'S REPLY FURTHER SUPPORTING ITS F.R.C.P. 12 (1) & (6) MOTION

Defendant U.L.S.T., LLC d/b/a Waterfront Hotel and Marina ("Waterfront Hotel"), by its undersigned attorneys, submits this reply memorandum in further support of its F.R.C.P. 12 (1) and (6) Motion to Dismiss the Complaint of Plaintiff Deborah Laufer ("Ms. Laufer").

In its initial memorandum, Waterfront pointed out that Plaintiff lacked standing for one very simple reason. She never alleged that she ever intended to stay at the Waterfront Hotel when she accessed the hotel's third-party websites. Further, she did not allege that she ever intended to visit Illinois in the future where the hotel is located. Consequently, her so-called injuries were merely a generalized harm and are not the concrete and personalized injuries necessary to confer standing. *Carello v. Aurora Policemen Credit Union*, 930 F. 3d 830 (7th Cir. 2019).

Ms. Laufer has filed an opposition memorandum arguing that she does not need to ever intend to stay at the Waterfront Hotel to meet the standing requirements. Yet, she cites no cases of the Seventh Circuit or its underlying district courts to support her argument. As this Court is aware, "binding" or "controlling" authority only comes from the U.S. Supreme Court or the Court of Appeals in which a given district court is located. *United States v. Glaser,* 14 F. 3d 1213, 1216 (7th Cir. 1987 ). Thus, the cases cited by Ms. Laufer from the other Circuits or their

district courts are not binding here.

More importantly, these cases are also inconsistent with *Carello*. As in *Carello,* the plaintiff's complaining about the credit union's website when he could not be a member, and therefore lacked standing, is the equivalent of not ever intending to stay at the hotel whose website you have accessed. What harm have you really suffered if you have no intentions of staying at the hotel? Possibly, you may be bothered or offended as a disabled person that the website may not comply with the ADA requirements for websites. But, as explained by the Seventh Circuit, your injury is only a generalized harm. "[D]ignitary harm stemming for the mere knowledge that discriminatory conduct is occurring is an 'abstract stigmatic injury' that the plaintiff lacks standing to vindicate." *Carello* at 834. Similarly, if Ms. Laufer had no intentions of staying at the hotel, her injury is only an abstract stigmatic injury as well.

Unfortunately, however, the motion to dismiss does not end with the above. Ms. Laufer reminds the Court of some well recognized rules on motions to dismiss. All well pled factual allegations are assumed to be true. The Court is to confine itself to the four corners of the complaint. Yet, while in the Complaint she does not ever allege that she intended, now or in the future to visit Illinois, she does not stand on her complaint alone to try to defeat Waterfront Hotel's motion.

Instead, she submits an affidavit to fill a critical omission in the complaint, claiming now that she may visit Illinois after the COVID-19 pandemic is over. Supplementing a complaint with an affidavit in opposition to a motion to dismiss is only appropriate when the affidavit statements are consistent with the allegations of the complaint. *Boim v. Quranic Literacy Institute,* 127 F. Supp. 2d 1002, 1009 (N.D. Ill. 2001). Her affidavit is completely inconsistent with her complaint in which she never made any such allegations of ever intending to visit Illinois.

Indeed, the affidavit is highly questionable. She has filed about two hundred similar suits in New York, Massachusetts, and Connecticut, among other states, alleging that a hotel's, lodging's, or inns' websites are supposedly non-ADA compliant. In New York alone, she has filed 114 such suits. Thomas Bacon, one of the lawyers on the pleading and brief, has been repeatedly criticized for representing her and others in these lawsuits. Thus, this Court should disregard the affidavit and render a ruling based only on the four corners of the complaint.[1]

Moreover, her statement that she "plans" to visit is conclusory and speculative. Plans often change for a myriad of reasons. That someone plans on visiting is certainly not the equivalent of "will" visit. Indeed, that someone might visit is the type of hypothetical question that is insufficient to confer standing. *Howe v. Speedway, LLC*, 2018 WL 2445541, pp. 12-13 (N. D. Ill 2018) (" 'Respondents cannot manufacture ***standing*** merely by inflicting harm based on their fears of ***hypothetical*** future harm that is not certainly pending.'" citing *Whitmore V. Arkansa*s, 495 U.S. 149, 158 (1990).)

For the reasons stated in Waterfront Hotel's initial memorandum and in this reply, its motion should be granted.

---

1. If Ms. Laufer is allowed to amend, her allegations that the Waterfront Hotel's third party are now non-ADA complaint would be false. So would any allegations that the hotel's own website and the hotel itself are non-ADA compliant.

DEFENDANT U.L.S.T., LLC d/b/a WATERFRONT<br>
HOTEL AND MARINA,<br>
By: /s/ Lawrence Rosen<br>
(One of its Attorneys)

Andrew Levine #6211154
Lawrence Rosen #6182199
O'Rourke and Moody
55 W. Wacker Dr., Ste 1400
Chicago, IL 60601
312-849-2020
alevine@orourkellp.com
lrosen@orourkellp.com

## CERTIFICATE OF SERVICE

      The undersigned certifies under applicable law that this Reply was served on plaintiff's attorney through the court's electronic-filing system under F.R.C.P. 5 (b) (1) & (2) (E) and by emailing copies to kimberlyatlaw@gmail.com and robert_lewin@hotmail.com on September 4, 2020.

/s/ Lawrence Rosen